Harris, J.,
delivered the opinion of the Court.
This bill was filed on the 2d day of July, 1855, by the complainant, in the Chancery Court at Rutledge, in which he charges that he purchased from .the defendant *70 Morris two slaves, named in the bill, for the sum of twelve hundred, dollars. That he paid at the time of purchase the sum of eight hundred and sixty-five dollars, and executed his hill single to Morris for three hundred and thirty-five dollars, due one day after date, and dated 4th April, 1855. That said hill single had been placed in the hands of respondent Kinder, as sheriff of Grainger county, for collection. That, at the time of his purchase, Morris executed and delivered to him a bill of sale, with covenant of general warranty of soundness and of the age of one of the slaves. That said slave was near twenty years older than represented in the bill of sale, was at the time laboring under various diseases, set out in the bill, and was worth at least four hundred dollars less than she would have been if she had been sound and of the age represented in the bill of sale. And that he is entitled to an abatement in the price, on account of the advanced age and unsoundness, to the full amount of the bill single, and prays for a perpetual injunction. On the 21st day of November, 1855, Morris filed his answer. On the 20th day of December, 1855, during the December term, the following order was made: “Eor satisfactory reasons appearing to the Court, the respondent Morris is allowed to withdraw the answer heretofore filed by him, and to demur. To which action of the Court the complainant excepts, and files the answer filed by defendant as a part of his exception, which is ordered to be made a part of the record in this cause.” Upon the hearing the demurrer was allowed and the bill dismissed, and the complainant has appealed to this Court.
It is not seriously controverted here that the demurrer was properly, allowed. That question is too well settled *71 in our own State to admit of controversy. But it is earnestly insisted tliat the Chancellor erred in permitting the respondent to withdraw his answer and file a demurrer, and the act of 1852, ch. 865, § 9, is relied upon to sustain the objection. That section provides, that “where an answer is filed to a bill in equity, it shall be a waiver to any objection to the jurisdiction of the Court; and although the matter complained of is, in the opinion, of the Court, a matter of legal jurisdiction, the Chancellor shall decree relief according to law, without dismissing the bill,” etc. There can be no doubt that if the parties proceed to a hearing itpon the bill and answer, or bill, answer, and proof, this section would silence the defendant from insisting on a want of jurisdiction in the Court, that objection being waived by relying on the answer; and we think that is all the Legislature intended to effect by the section under consideration.
It is clear that, previous to the passage of the act, the Court had the discretionary power to permit the party to withdraw his answer and demur to the bill; indeed, parties have been often censured, and frequently taxed with costs, for answering when they should have demurred. And we cannot suppose that the Legislature intended, by implication, to deprive the Court of the exercise of a power so salutary in preventing an unnecessary accumulation of costs, and in facilitating a speedy disposition of the cause; or that it was the intention of the Legislature, in a case where the defendant had unadvisedly submitted to the jurisdiction of the Court by putting in an answer where the case was clearly cognizable at law, to put it out of the power of the Court, in the exercise of a sound discretion, to permit the party, on satisfactory *72 reason shown, to withdraw his answer and resort to a more speedy and less expensive defence by demurrer.
By the 24th section of the act of 1801, ch. 6, it is provided that “the complainant shall reply or file exceptions on or before the second rule day after the term in which' the answer shall have been filed.” Yet, in the case of Marsh vs. Crawford, 1 Swan’s R., 116, where the defendant having answered the bill, the plaintiff filed his replication, and afterwards, upon cause shown by affidavit, the plaintiff had leave to withdraw his replication and file exceptions to the answer — the time fixed by the statute for filing exceptions having expired — to which exception was taken by defendant, the Court say that “We are not to understand that these rules, made -to expedite and facilitate the preparation of suits, are so imperative and inflexible in their nature, that, upon sufficient cause shown, it shall not be in the power of the Chancellor to relax them, and permit the exceptions to be filed after the time so limited.” Certainly the exercise of the discretion of the Chancellor in the case before us is of less doubtful character than that in the case above referred to, where it was sustained by this Court.
We think, therefore, that there is no error in this record, and affirm the decree.